## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRAVEON REESE, #171277,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. 25-cv-00084-JPG** |
| | ) |
| **ACH,** | ) |
| **DR. HUGHES LOCHARD,** | ) |
| **NURSE TERRY,** | ) |
| **and JEFF BULLARD,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff Traveon Reese, an inmate at Jefferson County Justice Center, filed a *pro se* Complaint pursuant to 28 U.S.C. § 1331[1] for constitutional deprivations arising from the alleged denial of dental care at the Jail. (Doc. 1). He seeks monetary and injunctive relief.[2] *Id*. The Complaint is now subject to review under 28 U.S.C. § 1915A, which requires the Court to screen and dismiss portions that are legally frivolous or malicious, fail to state a claim for relief, or request money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(b).

---

[1] Plaintiff sues state and/or local actors for deprivations of his constitutional rights at the Jail, so his claims are more appropriately brought under 42 U.S.C. § 1983. *See Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013) (Section 1983 governed claims brought by administrator of estate of federal pretrial detainee against county and county jail officials because contract between feds and county jail that housed federal and nonfederal inmates did not transform county officials into federal actors).

[2] Plaintiff seeks a referral for oral surgery. (Doc. 1, p. 8). However, he has not requested a temporary restraining order (TRO) or preliminary injunction or referred to Federal Rule of Civil Procedure 65, which governs both. The request is construed as one for relief *at the close of the case*. If he seeks more immediate relief, Plaintiff may file a Rule 65 Motion for TRO and/or Preliminary Injunction. In the motion, he should describe the exact relief he seeks and the facts that support the request for relief.

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 6-27): During intake at Jefferson County Justice Center ("Jail") in July 2024, Plaintiff informed the jail's nurse (Nurse Terry) that he required dental care for ingrown teeth and braces in his gums at the top of his mouth. *Id*. at 6. Nurse Terry agreed to schedule an appointment with the jail's doctor (Dr. Hughes Lochard). However, Dr. Lochard never met with him. *Id*.

Plaintiff met with the nurse one other time, after filing a grievance to complain. Nurse Terry indicated that the doctor recommended a course of antibiotics. Plaintiff completed a 14-day course of treatment with no results. He filed more grievances to complain about the denial of dental care for his swollen gums and dental pain. Plaintiff was placed on a second round of antibiotics. This time, he suffered chest pain and begged for an appointment with a dentist. No appointment was scheduled. Plaintiff's gums continued to swell and bleed, and his teeth began to rot and fall out. *Id*.

On January 2, 2025,[3] Plaintiff was finally seen by a dentist. The dentist allegedly diagnosed Plaintiff with a "root canal stuck in [his] gums" and recommended surgery. *Id*. at 7. Plaintiff still has not undergone surgery and continues to suffer from dental decay, tooth loss, swollen gums, disfigurement, pain, sleeplessness, and depression. *Id*. at 7-27.

Based on the allegations, the Court designates a single claim in the *pro se* Complaint:

**Count 1:**    Eighth and/or Fourteenth Amendment claim against Defendants for denying Plaintiff adequate dental care at the Jail beginning in July 2024.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

---

[3] Plaintiff signed the Complaint one day earlier on January 1, 2025. It is unclear whether the allegations in this paragraph refer to an appointment that occurred another year or Plaintiff simply added this page (*i.e.*, page 7) after signing and before mailing the Complaint.

When construed liberally in favor of the *pro se* plaintiff, the allegations articulate a constitutional claim for the denial of dental care. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

If Plaintiff was a convicted prisoner at the time his claim arose, Count 1 is governed by the Eighth Amendment prohibition against cruel and unusual punishment. U.S. CONST. amend VIII. All Eighth Amendment claims consist of an objective and a subjective component, requiring the plaintiff to show an objectively serious deprivation and deliberate indifference by each defendant. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir 2011). The allegations support an Eighth Amendment claim against Nurse Terry and Dr. Lochard for the alleged deliberate indifference to Plaintiff's serious dental needs and pain.

If Plaintiff was a pretrial detainee when his claim arose, Count 1 is instead governed by the Fourteenth Amendment prohibition against all forms of punishment. A Fourteenth Amendment claim for the denial of dental care also involves two inquiries. The first "focuses on the intentionality of the individual defendant's conduct" and "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case." *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). The second asks "whether the challenged conduct was objectively reasonable" when considering "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care." *Id*. The Complaint articulates a Fourteenth Amendment claim against Nurse Terry and Dr. Lochard because the allegations suggest that their denial of dental care was intentional and objectively unreasonable.

The sheriff is mentioned only in connection with his alleged failure to ensure that inmates receive adequate care. Plaintiff does not allege that the sheriff had any direct involvement in

decisions regarding the plaintiff's dental care.  In this context, liability must be direct, not vicarious.  *See Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).  A supervisor can be liable for his own acts but not the bad acts of his subordinates.  *Id*.  Because the allegations point to no misconduct or involvement in this matter by the sheriff, Sheriff Bullard will be dismissed without prejudice.

Plaintiff names ACH as a party in the case caption and list of defendants, but he sets forth no allegations against the defendant.  When a plaintiff fails to include the name of a defendant in his statement of claim or make any allegations against the party, that defendant cannot be said to have notice of which claims, if any, are directed against it.  FED. R. CIV. P. 8(a)(2).  Merely invoking the name of a potential defendant is not enough to state a claim.  *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Accordingly, ACH will be dismissed from this action without prejudice.

## Disposition

The Complaint survives preliminary review under 28 U.S.C § 1915A. **COUNT 1** will proceed against Defendants **NURSE TERRY** and **DR. HUGHES LOCHARD**, in their individual capacities.  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Because Plaintiff seeks injunctive relief herein, the Clerk's Office is **DIRECTED** to **ADD** the **JEFFERSON COUNTY JUSTICE CENTER / JAIL ADMINISTRATOR (official capacity only)** as a defendant in CM/ECF, and he/she is responsible for implementing any injunctive relief ordered.  This defendant need only file an appearance and is not required to answer the Complaint.

**Because Count 1 arises from the alleged denial of dental care, the Clerk's Office is**

**also DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendants **JEFFERSON COUNTY JUSTICE CENTER'S JAIL ADMINISTRATOR (official capacity), NURSE TERRY**, and **DR. HUGHES LOCHARD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her

attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/5/2025**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## <u>Notice</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.