IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVEON REESE, #171277, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 25-cv-00084-JPG |
| ) | |
| DR. HUGHES LOCHARD, ) | |
| NURSE TERRY, and ) | |
| and JEFFERSON COUNTY JUSTICE ) | |
| CENTER JAIL ADMINISTRATOR, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Traveon Reese filed a *pro se* Complaint on January 21, 2025, for alleged constitutional deprivations stemming from the denial of dental care at Jefferson County Justice Center. (Doc. 1). The Court screened this matter under 28 U.S.C. § 1915A on March 5, 2025 and allowed Plaintiff to proceed with a single constitutional claim against Dr. Lochard and Nurse Terry for denying adequate dental care beginning in July 2024. (Doc. 8).

Plaintiff filed a Motion for Temporary Restraining Order (TRO) and/or Preliminary Injunction on March 20, 2025. (Doc. 11). The Court denied Plaintiff's request for a TRO the following day. (Doc. 12). Defendants were ordered to file a Response to Plaintiff's Motion for Preliminary Injunction by April 14, 2025. *Id*. This deadline was extended once *sua sponte* to May 19, 2025 (Doc. 30) and again at Plaintiff's request to May 30, 2025 (Doc. 35). Defendants filed a Response in Opposition to the Motion for Preliminary Injunction on May 30, 2025. (Doc. 36). For the reasons set forth below, the motion is **DENIED without prejudice**.

**BACKGROUND**

According to the Complaint, Plaintiff arrived at Jefferson County Justice Center ("Jail") with significant dental issues. (Doc. 1, pp. 6-27). During intake in July 2024, Plaintiff informed the Jail's nurse (Nurse Terry) that he needed dental care for ingrown teeth and braces. *Id*. at 6. Nurse Terry agreed to schedule an appointment with the Jail's doctor (Dr. Hughes Lochard), but Plaintiff never saw the doctor. After filing a grievance, Plaintiff met with Nurse Terry one more time before filing this lawsuit. At the appointment, Nurse Terry explained that the doctor recommended treatment with antibiotics. Plaintiff completed a 14-day course of antibiotics but continued suffering from swollen gums and dental pain. He was placed on a second course of antibiotics but suffered from chest pain while his gums continued to swell and bleed. Plaintiff requested a dental appointment and then filed this lawsuit on or around the same date he was seen by a dentist on January 2, 2025.[1] The dentist allegedly recommended a root canal. *Id*. at 7.

The Court screened this matter and allowed Plaintiff to proceed with an Eighth or Fourteenth Amendment claim against Dr. Lochard and Nurse Terry for denying adequate dental care at the Jail. (Doc. 8). The Jail Administrator was added as an official capacity defendant for purposes of carrying out any injunctive relief ordered in this case. *Id*. And, the Court informed Plaintiff the he could file a motion for interim relief, if necessary, pursuant to Rule 65 of the Federal Rules of Civil Procedure. *Id*. Plaintiff filed the instant motion two weeks later. (Doc. 11).

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff seeks a preliminary injunction. (Doc. 11). In his motion filed March 20, 2025, Plaintiff explains that his teeth and gums are "getting worse," and he fears irreparable damage if

---

[1] Plaintiff signed the Complaint on January 1, 2025 (Doc. 1, p. 8) and allegedly met with a dentist on January 2, 2025. It is unclear whether Plaintiff added a page (*i.e.*, page 7) to the Complaint after meeting with the dentist or referred to the wrong date in reference to this appointment.

not treated soon.  *Id*. at 2.  He complains of constant pain.  Plaintiff seeks an order requiring Defendants or another medical provider to treat Plaintiff's dental issues, provide surgery, and/or replace his missing teeth.  *Id*. at 2-3.

### PLAINTIFF'S MOTION TO SUPPLEMENT

Before Defendants responded, Plaintiff filed a Supplement on May 14, 2025.  (Doc. 34).  There, Plaintiff explains that he received dental care on several occasions after filing his original motion in late March 2025.  *Id*.

In April, Plaintiff was sent to Dentistry Arts in Mt. Vernon, Illinois, where he underwent a root canal.  *Id*. at 1-2.  The doctor explained that he was not qualified to address Plaintiff's ingrown braces but was concerned about his receding gumline, swelling, and pain.  *Id*. at 2.  The doctor recommended using Listerine and meeting with a dental surgeon to discuss his braces.  *Id*.  Plaintiff does not indicate whether he received or used Listerine thereafter.

On May 7, 2025, Plaintiff was sent to O'Klein Dentist in Mt. Vernon, Illinois.  *Id*.  The doctor removed his top braces and discovered severe damage and rotting to tooth #10.  He recommended extraction of that tooth and possibly others.  However, the doctor also admitted that he was not qualified to perform the procedure.  *Id*.  Plaintiff now suffers from dental "discomfort" and "pain" and says that the Jail's kiosk used for grievances and medical/dental care requests has been broken for two months.  *Id*. at 3.

### DEFENDANTS' RESPONSE

Defendants filed a response in opposition to the original motion on May 30, 2025.  (Doc. 36).  According to Defendants, ACH was the private medical corporation that contracted with the Jail to provide inmate medical care until January 29, 2025, when TK Health began to do so.  However, Nurse Terry treated Plaintiff at all times relevant to this action.  *Id*. at ¶ 4.

Nurse Terry submitted an Affidavit (Doc. 36-1) indicating that Plaintiff was treated at the Jail for his medical/dental issues and then referred for outside treatment of his dental issues. *See* Docs. 36 and 36-1. Following his arrival at the Jail, Plaintiff was given three rounds of antibiotics in July and August 2024. (Doc. 36, ¶¶ 5-8). He was prescribed one course of Augmentin after being seen on July 20, 2024, and he refused the medicine on July 22, 27, and 29. *Id*. at ¶ 6. He was prescribed a second course of Augmentin after he was seen on August 2, 2024, and he refused the medicine on August 3, 5, and 6. *Id*. at ¶ 7. Dr. Lochard then prescribed Plaintiff a third course of antibiotics, *i.e.*, Clindamycin, on August 6, 2024, and he refused the medicine on August 7, 10, 13, and 15. *Id*. at ¶ 8.

Plaintiff was not seen again for medical reasons until December 10, 2024, when he was referred for treatment with an outside dentist. *Id*. at ¶ 10. That dentist (Dr. Davis) saw Plaintiff on December 11, 2024, January 2, 2025, January 23, 2025, and March 25, 2025. *Id*. An outside orthodontist (Dr. Klein) also saw him on May 8, 2025. *Id*. at ¶ 11.

Nurse Terry explains that the treatment provided by these outside specialists is beyond the control of the Jail medical providers. *Id*. at ¶ 12.

## DISCUSSION

When deciding whether to issue a preliminary injunction, the Court must determine whether the plaintiff has demonstrated that (1) he has some likelihood of prevailing on the merits of his claim; (2) he will suffer irreparable harm if he does not obtain the requested relief; and (3) traditional legal remedies are inadequate. *See Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020) (citation omitted). If Plaintiff satisfies these requirements, the Court must balance the harm to Plaintiff caused by denying the preliminary injunction with the harm to Defendants caused by

granting relief. *Id*. at 818. When doing so, the Court takes a "sliding scale" approach; the more likely Plaintiff is to win on the merits, the less the balance of harm needs to weigh in his favor. *Id*.

Plaintiff has not satisfied the requirements for a preliminary injunction at this time. He has not shown a likelihood of success on the merits. *Id*. at 822 (citation omitted). Although his underlying claim for denial of dental care survived screening, Plaintiff has set forth no allegations suggesting that he has been denied necessary medical or dental care since then. He has admittedly received medical treatment in-house and dental care with outside providers. This includes treatment in-house with three rounds of antibiotics in July and August 2024, numerous dental examinations in December, January, March, April, and May 2025, a root canal in April 2025, and removal of braces in May 2025, among other things. Plaintiff's treatment has been regular, ongoing, and extensive through May 2025. As Nurse Terry points out, the treatment recommendations and decisions made by outside specialists exceeds the scope of authority possessed by the defendants regarding dental care.

Plaintiff has also failed to demonstrate that he will suffer irreparable harm without a preliminary injunction. The Seventh Circuit "requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." *Mays*, 974 F.3d at 822 (citation omitted). While this motion has been pending, Plaintiff supplemented it with a motion describing his ongoing care with a dentist, who performed a root canal in April 2025, and an orthodontist, who removed his ingrown braces in May 2025. To the extent he requires additional care or treatment—for pain, infection, or otherwise—these requests are based on more recent events not currently before the Court or addressed in his motion or supplement and thus exceed the scope of the pending motion.

Traditional remedies have been adequate to address Plaintiff's dental needs. Although he argues that the Jail's kiosk has been broken for two months, Plaintiff has secured treatment during this same time period. He need not, and should not, use the Court as a kiosk for filing new grievances or requests for medical care. Plaintiff must first submit his requests at the Jail and file grievances, if necessary, to exhaust his administrative remedies before turning to the Court for help.

For the foregoing reasons, Plaintiff's Motion for Preliminary Injunction (Doc. 11) is **DENIED** without prejudice. Plaintiff may renew his request for a preliminary injunction at any time by filing a new motion if it becomes necessary to do so.

**IT IS SO ORDERED.**

**DATED: 6/4/2025**

       s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**