**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TRAVEON REESE, #6314119,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-cv-00084-JPG** |
| | ) | |
| **DR. HUGHES LOCHARD,** | ) | |
| **NURSE AMY TERRY, and** | ) | |
| **JEFFERSON COUNTY JUSTICE** | ) | |
| **CENTER JAIL ADMNIISTRATOR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court for a decision is a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Dr. Hughes Lochard and Nurse Amy Terry. (Docs. 45, 47). Plaintiff Traveon Reese opposes the motion. (Doc. 46). For the reasons set forth below, the motion shall be **DENIED**.

## Background

Plaintiff Traveon Reese brings this civil rights action for the alleged denial of dental care at Jefferson County Justice Center (Jail). In the Complaint (Doc. 1), Plaintiff claims that he was denied dental care and surgery for ingrown braces and teeth while at the Jail. He informed Nurse Terry of his dental care needs during intake in July 2024. *Id*. at 6. Nurse Terry agreed to schedule an appointment with Dr. Hughes Lochard, but Plaintiff never met with the doctor. *Id*.

He met with the nurse one other time, after filing a grievance to complain about the delay in his dental care. At this meeting, Nurse Terry explained that the doctor recommended a course of antibiotics. Plaintiff completed a 14-day course of treatment but noticed no results. After filing

additional grievances to complain about swollen gums and ongoing dental pain, he was placed on a second round of antibiotics that caused chest pain. Plaintiff begged for an appointment with a dentist, but no appointment was scheduled. Plaintiff's gums continued to swell and bleed, and his teeth began to rot and fall out. *Id*. at 6-7.

He was finally seen by a dentist one day after he signed the Complaint on January 1, 2025. *Id*. at 8. The dentist recommended surgery. *Id*. at 7. While awaiting surgery, Plaintiff continued to suffer from dental decay, tooth loss, swollen gums, disfigurement, pain, sleeplessness, and depression. *Id*. at 7-27.

Following screening of this matter under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed with a single claim:

> **Count 1:** Eighth and/or Fourteenth Amendment claim against Defendants Lochard and Terry for denying Plaintiff adequate dental care at the Jail beginning in July 2024.

(Doc. 8, pp. 1-7). Plaintiff requested injunctive relief in the Complaint, so the Court added the Jail Administrator as a defendant in an official capacity to implement any relief ordered. *Id*. at 4.

## MOTION FOR SUMMARY JUDGMENT

Defendants Lochard and Terry moved for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. (Doc. 45). Defendants acknowledge that Plaintiff filed 33 medical grievances, but they assert that none were properly appealed before he filed suit. Defendants further argue that Plaintiff's claim lacks merit. On these grounds, they seek summary judgment and dismissal of the claim against them.

Plaintiff opposes the motion. (Doc. 46). Plaintiff maintains that he submitted nearly three dozen grievances according to the instructions set forth in Jefferson County Justice Center's grievance procedure, and the procedure lacked an appeals process. On this basis, Plaintiff asks the Court to deny summary judgment and allow his dental claim to proceed against both defendants.

## UNDISPUTED FACTS

The following undisputed facts are relevant to the motion: Plaintiff was booked into the Jefferson County Justice Center (Jail) and remained incarcerated there during the time frame encompassed by his Complaint. (Doc. 45, Findings of Fact (Defs. FOF) 1). Nurse Amy Terry was a licensed practical nurse employed to provide certain medical services to inmates in the Jail. (Defs. FOF 2). Dr. Hughes Lochard was a licensed physician who also provided medical services during the relevant time frame. (Defs. FOF 3).

For non-emergency medical concerns, inmates could request treatment by submitting a "sick call" request. (Defs. FOF 12) The medical staff reviewed each request and decided on the appropriate course of action for treatment. *Id*.

The Jail had a grievance procedure for addressing violations of an inmate's rights, including the denial of adequate medical care. (Defs. FOF 6). This process required an inmate to submit a grievance within five (5) days of the incident prompting the grievance, and only one (1) grievance could be filled out for any single incident or concern. (Defs. FOF 7). Defendants referred to this as the "first step" of the grievance process. *Id*.

An inmate could also submit an emergency grievance under some circumstances. (Defs. FOF 11). However, inmates were required to exhaust all other forms of communication first. *Id*. The emergency grievance was then reported to the control center. *Id*.

To submit grievances, inmates primarily used the kiosk located in the housing unit area. (Defs. FOF 8). When this was not possible, an inmate could obtain a grievance form directly from a correctional officer and return the completed form to a shift supervisor. *Id*. The Jail's grievance procedure specifically stated that grievance forms should only be submitted if officers could not help an inmate directly with his/her grievance. (Defs. FOF 9). Once received, the Detention

Administrator or a designee reviewed the grievance and investigated the complaint. (Defs. FOF 10). If a response was necessary, it was to be provided within a reasonable amount of time. *Id*.

Between July 31, 2024 and April 22, 2025, Plaintiff filed 33 medical grievances. (Defs. FOF 13). Medical personnel responded to each one. (Defs. FOF 14). The record contains no evidence of Plaintiff's attempt to file an emergency grievance or an appeal of a medical grievance at the Jail. (Defs. FOF 15-16).

## ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party, *i.e.*, the prisoner. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). The district court's role on summary judgment is generally not to weigh evidence or judge witness credibility.

The district court's approach to factual disputes is different when presented with a motion for summary judgment on the issue of exhaustion. In *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), the Seventh Circuit instructed district courts to conduct an evidentiary hearing to resolve contested issues of fact concerning exhaustion. The Supreme Court partially overruled *Pavey* in *Perttu v. Richards*, 605 U.S. 460, 464 (June 18, 2025), when it held that exhaustion disputes must be reserved for a jury if contested facts on exhaustion are intertwined with factual disputes on the merits of a claim. When the district court is presented with a motion for summary judgment on exhaustion with material facts in dispute, it must consider whether intertwinement between exhaustion and the merits requires a jury trial. Here, there are no material facts in dispute requiring

a *Pavey* hearing and no intertwinement requiring a jury trial.[1] *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

**B. Prison Litigation Reform Act**

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before bringing a suit in federal court about the conditions of his confinement. *Pavey*, 544 F.3d at 740. To properly exhaust, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011); *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

**C. Grievance Procedure**

Jefferson County Justice Center's (JCJC) Rules and Regulations set forth the grievance procedure that was in effect during Plaintiff's detention at the Jail.[2] The below provisions govern this process:

> **<u>GRIEVABLE ISSUES</u>:**
>
> Below are listed grievable issues. Unless an issue clearly falls into one of these categories, the issue is non-grievable.
>
> - An alleged violation of civil, constitutional, or statutory rights[3] or policy.

---

[1] Unlike *Perttu*, the material facts are not in dispute, and there is no intertwinement between the facts underlying exhaustion and the merits of Plaintiff's constitutional claim arising from the alleged denial of dental care.

[2] Defendants provided the 2023 and 2024 editions of the JCJC Rules and Regulations, *see* Defs. FOF 1 and 2 (citing Doc. 45-1, pp. 1-34 and Doc. 45-2, pp. 1-34). The excerpts quoted herein are identical in both versions.

[3] The JCJC Rules and Regulations define "RIGHTS AND CONDITIONS OF CONFINEMENT" as "certain rights which are derived from the United States Constitution, the Constitution of Illinois, Illinois County Detention Standards, and local ordinances and standards." The manual goes on to list "[a]dequate medical care or attention" as a "basic right." (Doc. 45-1, pp. 2-3; Doc. 45-2, pp. 2-3).

. . .

**FILING STANDARD GRIEVANCES:**

You must submit grievances within five (5) business days after the incident prompting the grievance. If you are locked in your cell you may submit your grievance during scheduled out-of-cell time. Only one (1) grievance may be filled out for any single incident or concern. You may withdraw grievances at any time by submitting such notification in writing.

The primary method for submitting a grievance form is to use the kiosk in your housing area. This method will electronically submit your grievance to a shift supervisor. If you cannot use the kiosk or they are un-operational use this secondary method.

Obtain a grievance form from any correctional officer. Grievance forms are submitted to the shift supervisor. A grievance form should only be submitted if officers cannot help you with your grievance. You will be given a copy of the grievance with a response from the shift supervisor. If you do not get a response back the grievance may have been handled by an officer or the grievance form should not have been submitted.

**Filing Emergency Grievances**

You may file an Emergency Grievance that will go directly to the Jail Administrator/AJA. Emergency grievances should only be filed under the following circumstances.

-An alleged incident of sexual misconduct, sexual contact, sexual abuse and sexual harassment by a detainee or staff member.

-An alleged incident of physical abuse by a staff member.

-An alleged policy violation which involves a staff member of the rank of LT or higher.

Emergency grievances are not for non-grievance issues and should not be used in an attempt to establish informal communication with the Jail Administrator. Detainees must attempt to exhaust all other forms of communication before filing an Emergency Grievance when appropriate. If a Detainee has the need to report an incident that requires immediate attention they must notify the control center as the Emergency Grievances are not read daily.

**RESPONSES TO GRIEVANCES:**

The Detention Administrator or his designee will review grievances to determine if the issue is grievable or non-grievable and if the form was correctly filled out. Your complaint will be investigated and if a response is necessary you will receive one in a reasonable amount of time.

(Doc. 45-1, pp. 4-5; Doc. 45-2, pp. 4-5).

When requesting medical services, the JCJC Rules and Regulations provide:

> **HEALTH CARE SERVICES**
>
> To be seen by medical staff or the dentist for non-emergency situations, you must complete a "Sick Call" form. These forms may be obtained on the kiosk or from nursing staff. Complete the form entirely and return to nursing staff or an Officer if not completed on the kiosk.
>
> Medical staff will review your request and determine the appropriate action for your treatment. You must first see the JCJC physician before being scheduled for further medical, dental, or psychiatric treatment.
>
> If you refuse medical care/treatment, you must sign a Release of Responsibility Form and the medical staff will advise you of the medical consequences.
>
> For any medical emergency please press the intercom button in the block.

(Doc. 45-1, pp. 20-21; Doc. 45-2, pp. 20-21). The JCJC Rules and Regulations provide the following instructions for using the kiosk:

> **Kiosk**
> The kiosk is a touch screen box on the wall. The Kiosk has . . . a place to send and receive requests and grievances.
>
> . . .
>
> Grievances: If you choose this option you will be given many other options to cho[o]se from. Starting with; Commissary Packs, Jail Grievance, Medical Grievance, Emergency Grievance, Jail Request, and Medical Request. . . .

(Doc. 45-1, p. 31; Doc. 45-2, p. 31).

**D. Discussion**

Defendants have not presented facts, evidence, or arguments suggesting that Plaintiff failed to exhaust his administrative remedies before bringing this suit in federal court. *See Pavey v. Conley*, 663 F.3d at 903; *Thomas v. Reese*, 787 F.3d at 847 (defendants bear the burden of proving the failure to exhaust administrative remedies). More fundamentally, Defendants have not identified the proper complaint, claim at issue, or grievance procedure.

The Complaint at Doc. 1 controls this action. In their motion, Defendants characterize the proposed amended Complaint at Doc. 41-1 as the operative complaint. *See* Doc. 45. Defendants assert, "Plaintiff's Amended Complaint was filed on September 8, 2025 and is the operative complaint against the Defendant in this case." (Doc. 45, Defs. FOF 4). The amended complaint filed on September 8, 2025 is an *exhibit* to a motion for leave to amend complaint. (Docs. 44, 44-1). The Court denied the motion. (Doc. 50). Therefore, the proposed amended complaint never served as the operative complaint. The original Complaint controls. (Doc. 1).

Count 1 is the only claim at issue, and it arises from the denial of dental care at the Jail. In their motion, Defendants indicate that this action arises from inadequate treatment for *staph* infection: "Plaintiff alleges that he was not provided with certain medical treatment related to a staff (sic) infection during his incarceration at the Jefferson County Judicial Center." (Doc. 45, Defs. FOF 5). The Court's Order for Service of Process characterizes Count 1 as an Eighth or Fourteenth Amendment claim for inadequate dental care beginning July 2024. (Doc. 8, pp. 2-5). Defendants have mischaracterized the claim.

Defendants also suggest that the Jail's grievance procedure consists of multiple steps. (Doc. 45, Defs. PFOF 4). The exact language of the standard grievance process is set forth above, and it only refers to one step. The standard grievance procedure requires an inmate to submit grievances within five (5) business days after the incident prompting the grievance and file one (1) grievance for any single incident or concern. (Doc. 45-1, pp. 4-5; Doc. 45-2, pp. 4-5). Defendants refer to this as the "first step" of the process in their motion, but they mention no second step, third step, or beyond. No other steps are part of the standard grievance process.

All parties agree that Plaintiff filed almost three dozen medical grievances using the Jail's standard grievance process. These grievances were submitted before and after he commenced this action. It is undisputed that Plaintiff attempted to exhaust his available remedies before filing suit.

Defendants seek summary judgment because Plaintiff did not appeal any grievance responses. Defendants point to the lack of evidence that Plaintiff "attempted to appeal any of these issues beyond the initial response." (Doc. 45, Defs. FOF 15). The JCJC Rules and Regulations (2023 ed. and 2024 ed.) mention no appeals process, so Plaintiff was not required to appeal. *Id*.

Defendants also seek summary judgment because Plaintiff failed to file an emergency grievance requesting dental care. The JCJC Rules and Regulations do not allow emergency grievances on this topic. They provided the following limitations:

> Emergency grievances should only be filed under the following circumstances.
>
> -An alleged incident of sexual misconduct, sexual contact, sexual abuse and sexual harassment by a detainee or staff member.
>
> -An alleged incident of physical abuse by a staff member.
>
> -An alleged policy violation which involves a staff member of the rank of LT or higher.

(Doc. 45-1, pp. 4-5; Doc. 45-2, pp. 4-5). Dental care is not identified as a grievable issue on an emergency basis.

Defendants argue that no other evidence shows Plaintiff's dissatisfaction with his dental care, but the facts contradict this argument. Plaintiff submitted 33 medical grievances before and after filing suit. His regular requests for treatment and complaints of inadequate dental care demonstrate his ongoing dissatisfaction with his dental care.

Finally, Defendants argue that Plaintiff's claim against them lacks merit. The Court need not address this argument because this case has not reached the merits. At this stage of litigation, the only issue is whether Plaintiff exhausted his available administrative remedies before filing

suit. Because the undisputed facts demonstrate that Plaintiff exhausted his available remedies, Defendants are not entitled to summary judgment on this issue. The summary judgment motion shall be **DENIED**.

## DISPOSITION

**IT IS ORDERED** that the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Lochard and Terry (Doc. 45) is **DENIED**. The Court will enter a separate Scheduling Order lifting the stay on merits discovery and providing further instructions and deadlines for litigation of Count 1 against Defendants Lochard and Terry.

**IT IS SO ORDERED.**

**DATED: 8/31/2026**

**J. PHIL GILBERT**
**United States District Judge**